

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2006

# Kurniawan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4593

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Kurniawan v. Atty Gen USA" (2006). *2006 Decisions.* Paper 80.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/80

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-4593

JOKO S. KURNIAWAN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY

On Petition for Review of Final Decision of the
Board of Immigration Appeals
BIA No.: A79-319-251
Immigration Judge: R.K. Malloy

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 13, 2006

Before: SMITH and ROTH, *Circuit Judges*,
and YOHN*, District Judge**

(Filed: December 18, 2006)

OPINION

---

*The Honorable William H. Yohn, Jr., Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

1

SMITH, *Circuit Judge*.

Joko S. Kurniawan petitions for review of a final order of the Board of Immigration Appeals (BIA), affirming the denial by the immigration judge (IJ) of Kurniawan's application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1]  We will deny Kurniawan's petition for review.

Kurniawan is a native and citizen of Indonesia.  He alleged in his application for asylum that he had been persecuted on the basis of both his Chinese ethnicity and his Christian faith.  Kurniawan related that he had been assaulted by Muslim Indonesians in 1996, April 1997, and October 1998.  During the October 1998 incident, Kurniawan's girlfriend was fatally wounded in his presence and his garment business was destroyed.  Two months later, on December 11, 1998, Kurniawan entered the United States.  He did not, however, apply for asylum, withholding of removal, and relief under the CAT until more than two years later in June 2001.

At a hearing before the IJ, Kurniawan conceded that he had overstayed his visa and was removable.  He requested a grant of asylum, withholding of removal and relief under the CAT.  The IJ concluded that Kurniawan's asylum claim was time barred under 8 U.S.C. § 1158(a)(2). Because the IJ found that Kurniawan was not credible, he found that Kurniawan had not proved past persecution.  The IJ also concluded that Kurniawan

---

[1]The IJ had jurisdiction pursuant to 8 C.F.R. § 1208.2(b).  The BIA exercised jurisdiction under 8 C.F.R. § 1003.1(b).

had not proved that he would suffer future persecution. As support, the IJ cited the new opportunities for ethnic Chinese Indonesians. As a result, the IJ denied Kurniawan's claim for withholding of removal and relief under the CAT. Kurniawan filed a timely appeal with the BIA, asserting that the IJ erred because he should have concluded that a "pattern or practice of persecution exists against the ethnic Chinese Christian population."

On September 16, 2005, the BIA affirmed the IJ's conclusion that Kurniawan's asylum claim was untimely and that he had failed to demonstrate circumstances excusing his delinquency. Thus, the BIA considered only the merits of Kurniawan's claim for withholding of removal and relief under the CAT. It determined that it was unnecessary to address the IJ's adverse credibility findings inasmuch as it concluded that "the alleged events do not rise to the level of persecution on account of a protected ground" and that Kurniawan failed to demonstrate a pattern or practice of persecution which merits withholding his removal. In addition, the BIA denied Kurniawan's CAT claim, finding that he did not establish that it was more likely than not that he would be tortured if he was repatriated to Indonesia.

This timely petition for review followed. Kurniawan asserts that the BIA's application of the one year time bar in § 1158(a)(2) violates both the treaty obligations of the United States and the Due Process Clause of the United States Constitution. In addition, he submits that the record contains substantial evidence that there was a pattern

or practice of persecution against ethnic Chinese individuals living in Indonesia.[2]

We exercise plenary review over the propriety of the BIA's application of the one year time bar in § 1158(a)(2). *Sukwanputra v. Gonzales*, 434 F.3d 627, 631 (3d Cir. 2006). Because the BIA did not adopt the IJ's adverse credibility determination, our review is limited to the final order issued by the BIA and whether it is supported by substantial evidence. *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . ." *Dia v. Ashcroft*, 353 F.3d 228, 248 (3d Cir. 2003) (en banc) (quoting *N.L.R.B. v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939)) (internal quotation marks omitted).

Kurniawan appropriately acknowledges in his brief that his arguments with regard to § 1158(a)(2)'s time bar are "almost identical" to those which were rejected in *Sukwanputra v. Gonzales*, 434 F.3d at 634.[3] We agree. Accordingly, we are bound by the holding in *Sukwanputra* that the one year statutory period neither violates the Supremacy Clause nor the right to due process. *Id.* at 632; 3d Cir. IOP 9.1. Because the time bar is not constitutionally infirm, we lack jurisdiction under 8 U.S.C. § 1158(a)(3)

---

[2]Kurniawan does not challenge in his brief the BIA's denial of his request for relief under the CAT. Nor does he take issue in his reply brief with the government's contention that he waived this issue. Accordingly, we deem the issue waived. *Lie v. Ashcroft*, 396 F.3d 530, 532 n.1 (3d Cir. 2005).

[3]Counsel pointed out that a petition for rehearing was pending in *Sukwanputra*. We note that the petition for rehearing has been denied.

4

to review not only the application of the time bar to Kurniawan's asylum claim, but also the determination that Kurniawan failed to demonstrate circumstances excusing his untimely application. *Sukwanputra*, 434 F.3d at 632; *Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003).

We do have jurisdiction to review Kurniawan's claim for withholding of removal under 8 U.S.C. § 1231(b)(3)(A). *See* 8 U.S.C. § 1252(a). Kurniawan contends that the BIA erred in its determination that he failed to meet his burden of proof for withholding of removal. Kurniawan asserts that there is substantial evidence in the record demonstrating that there was a pattern or practice of persecution of ethnically Chinese Christian Indonesians. The issue is not whether this record supports Kurniawan's contention that there is a pattern or practice of persecution against this group of persons. Instead, as the Supreme Court pointed out in *INS v. Elias-Zacarias*, 502 U.S. 478 (1992), the issue is whether the evidence of record "not only supports that conclusion, but compels it . . . ." *Id.* at 481 n. 1.

In *Lie v. Ashcroft*, 396 F.3d 530 (3d Cir. 2005), "we agree[d] with other courts that have held that, to constitute a 'pattern or practice,' the persecution of the group must be 'systemic, pervasive, or organized.'" *Id.* at 537 (quoting *Ngure v. Ashcroft*, 367 F.3d 975, 991 (8th Cir. 2004)). In addition, we reiterated that conduct "does not constitute persecution unless such acts are 'committed by the government or forces the government is either 'unable or unwilling' to control.'" *Id.* at 537 (quoting *Abdulrahman v. Ashcroft*,

5

330 F.3d 587, 592 (3d Cir. 2003)).

We are mindful of the citations by the IJ to the evidence of improved conditions for Chinese Indonesians and to Kurniawan's testimony that the government did not prevent him from practicing his faith. The 2003 United States Department of State Country Report for Indonesia supports the IJ's finding in this regard. Moreover, the Country Report confirms that Christianity is recognized by the government of Indonesia and that tolerance for non-Muslim religions has improved. Although there is some evidence, as Kurniawan points out in his brief, of some interreligious violence, we are not compelled by this record to find a pattern or practice of persecution against the ethnic Chinese Christian population of Indonesia.

We will deny Kurniawan's petition for review.